```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

JERRY CZAJKOWSKI,                  )
                                   )
               Plaintiff,          )
                                   )
     v.                            )   No.  07 C 6971
                                   )
REED ELSEVIER, INC., et al.,       )
                                   )
               Defendants.         )
```

MEMORANDUM OPINION AND ORDER

Jerry Czajkowski ("Czajkowski") has filed a pro se Complaint against Reed Elsevier, Inc. ("Reed Elsevier") and Does 1-20, purporting to invoke the diversity jurisdiction of this federal court.  Quite apart from the Complaint's noncompliance with fundamental principles of federal pleading (see, e.g, Fed. R. Civ. P. ("Rule") 8(a) and 8(c), with their mandates for brevity and simplicity),[1] this Court's unflagging obligation to look into subject matter jurisdiction in the first instance (see, e.g., Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) and Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)), pursuant to its duty to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)), compel the dismissal of the Complaint and this action for lack of subject matter jurisdiction.

Complaint ¶4 speaks in terms of Czajkowski's California residence rather than his state of citizenship, which under our

---

[1] That deficiency could of course be corrected, while the matters next dealt with in this memorandum opinion and order are noncurable.

Court of Appeals' directive in Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998) would call for dismissal.  Again that flaw would seem most likely to be curable (because most individuals' state of citizenship coincides with their residence), so that this Court's practice is not to dismiss on that ground alone.  But Czajkowski has added to that deficiency by failing to identify both states of Reed Elsevier's corporate citizenship under 28 U.S.C. §1332(c)(1)(see Complaint ¶5).  And most significantly, Czajkowski's inclusion of the "Does" defendants, persons or entities of unknown identity and hence unknown citizenship (see Complaint ¶6), establishes conclusively that Czajkowski has not sustained his burden of demonstrating the existence of diversity jurisdiction (see, e.g., John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank in Chicago, 555 F.Supp. 1026 (N.D. Ill. 1983)).

   Accordingly both the Complaint and this action are dismissed for lack of subject matter jurisdiction.  This dismissal is of course without prejudice to Czajkowski's possible institution of his action in a state court of competent jurisdiction.  As suggested earlier, however, no ruling is intended or made here as to the viability or nonviability of Czajkowski's claims or as to the procedural deficiencies reflected in the present pleading.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 13, 2007